UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SHAQUAN LEWIS,

                    Plaintiff,                **MEMORANDUM & ORDER**
                                              25-CV-3176 (EK)(AYS)

            -against-

THE PEOPLE OF THE STATE OF NEW YORK,
NASSAU COUNTY,

                    Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Shaquan Lewis is a defendant in a criminal action
pending in New York State Supreme Court, Nassau County.  He has
filed an application to remove that case to this Court.  *See*
Notice of Removal, ECF No. 1.  Lewis's request to proceed *in
forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.  ECF No.
4.  For the reasons set forth below, however, the criminal case
is remanded.

        In the underlying criminal action, Lewis is charged
with weapons possession and a controlled substance offense.
Notice of Removal 1.  He seeks to remove the action pursuant to
28 U.S.C. § 1443, which governs the removal of state-court
actions, civil and criminal, against people who are unable to
enforce rights under "any law providing for the equal civil
rights of citizens."  Lewis claims numerous constitutional

rights deprivations.  He is currently in pretrial detention.
*Id.*

A party seeking to remove a criminal prosecution under Section 1443 must satisfy the two-part test established by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).[1] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."  *Id.*  Lewis has not satisfied this requirement.  Though his notice of removal alleges violations of the Fifth, Sixth, and Fourteenth Amendments, he has set out no facts sufficient to allow the Court to construe his claim as alleging racial discrimination.  This is true even on the liberal reading that a *pro se* party is due.

Nor has Lewis satisfied *Rachel*'s second requirement — that the removing party adequately allege that he "cannot enforce the specified federal rights in the courts of the State."  *Id.*

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Given the foregoing, this action is remanded to New York State Supreme Court, Nassau County. *See* 28 U.S.C. § 1455(b)(4). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and note the mailing on the docket. The Clerk of Court is further directed to mail a certified copy of this order to the Clerk of the New York State Supreme Court, Nassau County, to note that mailing, too, on the docket, and to close this case.

In the view of this Court, this order is not appealable. *See Crown Asset Mgmt., LLC v. Cunningham*, No. 22-938, 2022 WL 17660543, at *1 (2d Cir. Dec. 14, 2022) ("An order remanding a case . . . is not reviewable on appeal unless the removal was pursuant to 28 U.S.C. §§ 1442 or 1443. To trigger the exception, the removal notice must make a colorable claim, not a bare or frivolous invocation, under one of those provisions."). In the event that Lewis does appeal, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the *in forma*

*pauperis* appeal from this order would not be taken in good

faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


       SO ORDERED.



                /s/ Eric Komitee
              ERIC KOMITEE
              United States District Judge


Dated:      November 21, 2025
             Brooklyn, New York